UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| ANTHONY YOUNG AND CHELSEY YOUNG, INDIVIDUALLY, AND AS NEXT FRIEND OF K.Y., A MINOR | §<br>§<br>§<br>§ |
| V. | §     CIVIL NO. 5:19-CV-00161 |
| BRAUM'S, INC., | §<br>§ |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

**COMES NOW**, Braum's, Inc., the Defendant in the above-entitled and numbered cause, and pursuant to the Amended Docket Control Order in this matter, file this their Response to Plaintiffs' Motion in Limine and respectfully show this Court as follows:

**I.**

1. After conferring with Plaintiffs' Counsel on March 30, 2021, Defendants explain below their response to Plaintiffs' Motion in Limine.

    **A.**     **Plaintiffs' Motion in Limine No. 10**

2. Plaintiffs' Motion in Limine No. 10 states "any evidence that Defendants did not produce in discovery. Defendants should not be permitted to present any witness they did not name in their disclosures or answers to interrogatories or any evidence they did not produce in discovery." *See* Plaintiffs' Motion in Limine. Defendant opposes No. 10 on the basis that it is overly broad and leaves open the possibility of preclusion of exhibits from depositions. Defendant argues the way No. 10 is phrased is that it could preclude evidence from the deposition exhibits of Plaintiff's expert Jason T. English. The photographs used in the

deposition were not produced in discovery but were entered as exhibits in the deposition. Defendant does not want to be precluded from using said exhibits as evidence in the trial of this matter as the exhibits are relevant and admissible. *See* Fed. R. Evid. 401. Therefore, Plaintiffs' Motion in Limine No. 10 should be denied.

**B.      Plaintiffs' Motion in Limine No. 11**

3.      Plaintiffs' Motion in Limine No. 11 states, "Defendants should be precluded from introducing evidence, statements, or argument supporting an issue not contained in the final pretrial order." *See* Plaintiffs' Motion in Limine. However, Defendant opposes No. 11 because it is overly broad and vague as to issue. Defendant does not want to be precluded from arguing any issue that may come up during the course of trial that was not contained in the final pretrial order. Therefore, Plaintiffs' Motion in Limine No. 11 should be denied.

**C.      Plaintiffs' Motion in Limine No. 26**

4.      Plaintiffs' Motion in Limine No. 26 states "Plaintiffs' liability expert is Jason English, who is a safety engineer. In three other cases, courts have issued rulings that limited his testimony. In one case the court held that Mr. English could not testify as what the defendant knew about a danger because it invaded the province of the jury. In another case, the court held that Mr. English could not testify that the defendant had a duty to keep its premises safe on the grounds that the opinion was a legal conclusion. In none of these cases was Mr. English's substantive opinions regarding safety excluded or in any way was limited. Questions or evidence regarding these rulings are not relevant to the validity or credibility of Mr. English's opinions in this case; such questions or evidence would be irrelevant and create a side show that would likely confuse the issues in this case and unfairly prejudice Plaintiffs." *See* Plaintiffs' Motion in Limine. However, Defendant opposes No. 26 on the basis that the limitation of Mr. English's testimony on prior cases goes to his qualifications. Defendant is allowed to challenge,

via examination or evidence, the qualifications of Mr. English, including his prior testimony in other cases and whether it was excluded, in order to establish Mr. English is not qualified to render an opinion in this case. *See* FED. R. EVID. 702; *Daubert v. Merrell Dow Pharms.,* 509 U.S. 579, 590-591 (1993).  Moreover, questions or evidence regarding Mr. English's testimony being excluded in other cases goes to whether Mr. English's testimony and opinions are reliable in this present case.  *Id.; see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152 (1999).  Therefore, Plaintiffs' Motion in Limine No. 26 should be denied.

   **D.**  **Plaintiffs' Motion in Limine No. 27**

   5.  Plaintiffs' Motion in Limine No. 27 states, "pursuant to FRCP 30(b)(6), Plaitniffs noticed the deposition of the corporate representative for Braum's to testify to several subject matters including the defendant's defenses and the factual basis underlying those defenses. Braum's designated a corporate representative who managed several Braum's stores including the Mount Pleasant store.  As such, the witness would also qualify as a managing agent making his testimony binding on the corporation.  See, FRCP 30(b)(1).  Braum's designated corporate representative testified that K.Y. did nothing unreasonable that caused or contributed to cause the incident and K.Y.'s injuries.  Under the *binding effect* doctrine or *Rainey* rule, Braum's should be prohibited from arguing or claiming that K.Y. was negligent or introducing any evidence that K.Y. was negligent unless Braum's proves that it has uncovered new evidence not available to it at the time of the deposition.  See, *Rainey v. American Forest and Paper Ass'n, Inc.* 26 F.Supp. 82, 95 (D.C. 1998)."  *See* Plaintiffs' Motion in Limine.

   6.  However, Plaintiffs cannot preclude Defendant's affirmative defense and any evidence thereof at trial.  Plaintiffs' argument regarding the application of *Rainey* with regard to deposition testimony is overreaching and inapplicable. Rule 30(b)(6) of the Federal Rules of Civil Procedure does not require the court to exclude evidence that contradicts a corporate

designee's deposition testimony in all situations as a court is "mindful of the fact that it is 'often impossible in any enterprise where employees have distinct roles for there to be one person who can answer all questions posed during a 30(b)(6) deposition'". *See Dixon Lumber Co., Inc. v. Austinville Limestone Company, Inc.,* 256 F.Supp.3d 658, 667-668 (W.D. Virginia 2017)(citing *Weinstein v. D.C. Hous. Auth.,* 931 F. Supp.2d 178, 186 (D.D.C. 2013); *Covad Commc'ns Co. v. Revonet, Inc.,* 267 F.R.D. 14, 25 (D.D.C. 2010). Additionally, Defendants have asserted throughout this case and even in its Motion for Summary Judgment that K.Y. dragged his hand across the men's restroom door as it was closing as evidenced in the security camera video which was produced to Plaintiffs.

7. Additionally, the deposition testimony alleged by Plaintiffs that K.Y. did nothing unreasonable that caused or contributed to cause the incident and K.Y.'s injuries does not bind Defendant in the sense of a judicial admission and that Rule 30(b)(6) deposition testimony, like any other deposition testimony, can be contradicted and used for impeachment purposes. *See A.I. Credit Corp. v. Legion Ins. Co.,* 265 F.3d 630,637 (7th Cir. 2001)(citing *Indus. Hard Chrome, Ltd. V. Hetran, Inc.,* 92 F.Supp.2d 786, 792 (N.D. Ill. 2000) and *United States v. Taylor,* 166 F.R.D. 356, 362 n. 6 (M.D.N.C. 1996)). Additionally,"although Rule 30(b)(6) testimony is that of the corporation, it does not constitute a judicial admission and the corporation 'is no more bound than any witness is by his or her prior deposition testimony. A witness is free to testify differently from the way he or she testified in a deposition…" *Continental Cas. Co. v. First Financial Employee Leasing, Inc.,* 716 F.Supp.2d 1176, 1190-1191 (M.D. Fl. 2010) (citing *R&B Appliance Parts, Inc. v. Amana Co., L.P.,* 258 F.3d 783, 786-787 (8th Cir. 2001)). Therefore, Plaintiffs' Motion in Limine No. 27 should be denied.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: _____/s/ *Amy Agnew*_____
      **WILLIAM F. ALLRED**
      Texas Bar No.:  01104550
      **AMY AGNEW**
      Texas Bar No.:  24048325
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Phone:  (214) 712-9500
Fax:  (214) 712-9540
**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was sent via e-mail to the following attorney(s) of record on this the 7th day of April, 2021.

Nelson J. Roach
Roach Langston Bruno LLP
205 Linda Drive
Daingerfield, Texas 75638

      /s/   *Amy Agnew*
      **AMY AGNEW**